# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

MATHIAS EKWOGE EPIE      *

     Plaintiff      *

v.      *      Civil No. PJM 04-2707

RICHARD C. CATERISANO,      *
DISTRICT DIRECTOR FOR SERVICES,      *
U.S. CITIZENSHIP & IMMIGRATION      *
SERVICES      *

     Defendant.      *

# OPINION

## I.

Mathias Ekwoge Epie has filed a Petition for Review of Final Naturalization Denial against Richard C. Caterisano, the District Director for Services of the Baltimore Maryland District Office of the Department of Homeland Security, United States Citizenship & Immigration Services ("U.S.C.I.S.") pursuant to § 336(a) of the Immigration & Nationality Act, 8 U.S.C. § 1447(a) and 8 U.S.C. §1421(c). Caterisano has filed a Motion to Remand, requesting that the case be remanded for further consideration by the Agency, which the Court DENIES.

On September 7, 1995, an immigration judge granted Epie political asylum. On February 19, 2002, Epie filed a Petition for Naturalization. On December 22, 2003, in a written decision, the petition was denied on the ground that Epie had not established good moral character since he was determined not to be in full compliance with federal tax laws.

Epie challenged this decision and submitted documentation demonstrating that he was in compliance with the tax laws.  On April 6, 2004, pursuant to 8 U.S.C. § 1447(a), a hearing was held, at which time, without prior notice, Epie was questioned about his marriage, with the U.S.C.I.S. officer alleging that his marriage was a "sham."  On April 21, 2004, the Agency issued a decision denying Epie's administrative appeal of the denial of his naturalization on the ground that he had failed to demonstrate good moral character by reason of this "sham" marriage. Epie then filed the present Petition for Review of Final Naturalization Denial pursuant to 8 U.S.C. § 1421(c).

## II.

Under 8 U.S.C. § 1421(c), a "person whose application for naturalization under this title is denied . . . may seek review of such denial before the United States district court." The statute provides that "[s]uch review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application."  Id. (emphasis added).

The language of § 1421(c), which addresses the district court's role *after the Agency has made a final decision*, is in direct contrast with the language associated with the Agency's failure to issue a decision.  In the latter case, where, "there is a failure to make a determination" of an appeal of a denial of an application for naturalization within 120 days of the hearing, "the applicant may apply to the United States district court . . . for a hearing on the matter."  In that instance, "[s]uch court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." 28 U.S.C. §1447(b) (emphasis added).

In the present case, the Agency has issued a final decision and Epie has sought review with the Court pursuant to 8 U.S.C. § 1421(c).  In response, Caterisano has filed a Motion to Remand, stating that "[a]gency counsel has reviewed this case and determined that the case should be reconsidered by the agency."  Since § 1421(c) does not provide a statutory basis for the remand, Caterisano points to 8 C.F.R. § 103.5, which authorizes the Agency to reopen a proceeding or reconsider its decision under certain circumstances.  Caterisano states that in the present matter the agency will "grant the alien an opportunity to submit additional evidence."

Epie replies that he does not wish to submit additional evidence to the Agency and instead seeks to have his case adjudicated in court, as is his right under 8 U.S.C. §§ 1421(c) and 1447(a).  He argues that 8 C.F.R. § 103.5 does not provide the basis for a district court to treat its jurisdiction as discretionary.  Caterisano cites no legal authority to the contrary.  While he observes that "[n]ot to remand will basically put the district court in the position of developing a record on petitioner's good moral character for the purpose of determining naturalization," that appears to be precisely what Congress intended.

"[T]he starting point for interpreting a statute is the language of a statute itself." Hallstrom v. Tillamook County, 493 U.S. 20, 25 (1989) (quoting Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 108 (1980)).  Section 1421(c) is replete with language mandating the district court's review of the case.  Significantly, the statute is devoid of any mention of the possibility of remand.  As described in a unanimous *en banc* decision of the Ninth Circuit, pursuant to §1421(c), "[u]pon request, the district court must undertake a full de novo review of the

[Agency's] denial" and "is *required* to hold a de novo hearing after the [Agency] denies an application." United States v. Hovsepian, 359 F.3d 1144, 1162-63 (9th Cir. 2004) (en banc) (emphasis in original).

Furthermore, in interpreting a statute, a court may consider Congress's words in context "with a view to their place in the overall statutory scheme." Davis v. Michigan Dep't of Treasury, 489 U.S. 803, 809 (1989); FDA v. Brown & Williamson Tobacco Corp., 529 U.S. 120, 133 (2000). Again, under §1447(b), when 120 days have elapsed without a final decision and a petition for review of application has been filed, a district court has the "power to pursue either of two options": it can either "determine the matter," by "mak[ing] a naturalization decision," *or* "it can remand the matter." Zhai v. United States Citizenship & Immigration Services, 2004 U.S. Dist. LEXIS 18029, at *11 (N.D. Cal. Sept. 3, 2004). In contrast, § 1421(c) indicates what the district court "shall" do. Remand is not presented as an option.

The Court can only assume that Congress knew what language to include if it intended to grant district courts the option to remand. Here Congress apparently chose not to do so.[1]

---

[1] By way of further comparison, courts that have considered the question have concluded that § 1447(b), i.e., the provision that governs court review of petitions when there is agency inaction, grants district courts exclusive jurisdiction over naturalization applications rather than concurrent jurisdiction with the Agency. These courts have all read § 1421(c) language as mandating this conclusion. See, e.g., Hovsepian, 359 F.3d at 1162 ("Because §1421(c) requires the district court to undertake the *same* analysis that it must make under § 1447(b), it makes sense to interpret the latter statutory provision as giving district courts the last word, too.") (emphasis in original); Zaranska v. United States Dep't of Homeland Sec., 2005 U.S. Dist. LEXIS 17559, at *5-18 (E.D.N.Y. July 18, 2005).

**III.**

Accordingly, the Court concludes that it lacks authority to remand the present case to the Agency for further consideration, and Caterisano's Motion will be DENIED.

The Court will hold a 2 hour hearing on Epie's Petition For Review of Final Naturalization Denial on November 14, 2005 at 2 p.m.

The Agency is DIRECTED to submit its response to the Petition by Friday, October 21, 2005, and Epie may file a Reply by Friday, November 4, 2005.  A Pre-Trial Order in accordance with Local Rule 106 shall be prepared and submitted to the Court by no later than Friday, November 4, 2005.  No Pre-Trial Conference is deemed necessary.

_____/s/_____
**PETER J. MESSITTE**

September 28, 2005                    **UNITED STATES DISTRICT JUDGE**